IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In the Matter Of:

**JUAN O. ALVAREZ BERRIOS**
**AILYN YADIRA ROSARIO RESTO**
Debtors

Case No. 13-05014 (MCF)

CHAPTER 13

### MOTION FOR REJECTION AND DELIVERY OF LEASED PROPERTY PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE

TO THE HONORABLE COURT:

COMES NOW creditor POPULAR AUTO, represented by the undersigned attorney, and hereby objects to the proposed Chapter 13 plan on the following grounds:

1. On June 18, 2013, debtors herein filed a bankruptcy petition under Chapter 13 of Title 11 of the United States Code.

2. Popular Auto is a creditor of the above-named debtors pursuant to 11 U.S.C. §101(10) and, therefore, a party in interest in the instant proceeding.

3. At the time of the filing of the present petition, debtors had subscribed with appearing creditor the following lease agreement: account no. xxxxxx-4066 regarding a 2003 Ford E350. See claim no. 3.

4. Popular Auto's lease contract with debtors already expired on February 1, 2011; prior to the filing of the bankruptcy proceeding. The balance owed to Popular Auto is in the amount of $2,318.42.

5. Section 1322 of the Bankruptcy Code, 11 U.S.C. §1322(b)(7), allows the debtor to assume or reject any executory contract or unexpired lease in a Chapter 13 plan. However, the debtor must comply with the requirements or conditions established in §365, infra. In other words, the debtor must meet all the requirements set forth in §365, infra, in order to exercise his right to assume a lease contract.

6. Section 365(a) and (b)(1), 11 U.S.C. §365(a) and (b)(1), states as follows:

*Objection to the Proposed Chapter 13 Plan*
Case No. 13-05014 (MCF)
Page No. 2

"(a) Except as provided in section 765 and 766 of this title and in subsections (b), (c), and (d) of this section, the trustee, subject to the court's approval, may assume or reject any <u>executory contract or unexpired lease of the debtor</u>.
(b) (1) If there has been a default in an <u>executory contract or unexpired lease</u> of the debtor, the Trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the Trustee—
    (A) cures, or provides adequate assurance that the Trustee will promptly cure, such default;
    (B) compensates, or provides adequate assurance that the Trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
    (C)<u> provides adequate assurance of future performance under such contract or lease</u>." (Emphasis added)

7. As §365(a), supra, clearly states the trustee or debtor[1] <u>may only assume leases or executory contracts which have not expired prior to he filing of the case</u>. If the lease expired before the filing of the case, it no longer exists and is not possible to assume the same. It is well established by case law that a lease contract that expired pursuant to state law cannot be assumed or revived by the filing of a bankruptcy petition. <u>Moody v. Amoco Oil Co.</u>, 734 F. 2d 1200, 1212 (7th Cir. 1984), cert. denied 469 U.S. 982 (1984); <u>Gloria Manufacturing Corp. v. International Ladies Garment Worker's Union</u>, 734 F. 2d 1020 (4th Cir. 1984); <u>In re Triangle Laboratories, Inc.</u>, 663 F. 2d 463, 467-468 (3rd Cir. 1981).

8. The debtor should not be allowed to rewrite the terms and conditions of the lease agreement unilaterally, without the consent or approval of the other party, when the original contract is no longer effective. "The Bankruptcy Code does not create or enhance the property rights of a debtor." <u>In re Gull Air, Inc.</u>, 890 F. 2d 1255, 1261 (1st Cir.1989). In addition to that, because the lease agreement expired pre-petition, the interest that the

---

[1] Section 1303 of the Bankruptcy Code, 11 U.S.C. §1303, states that the debtor shall have, in some specific circumstances, the rights and powers of the trustee.

Objection to the Proposed Chapter 13 Plan
Case No. 13-05014 (MCF)
Page No. 3

debtors may have over the equipment is not property of the bankruptcy estate and the debtors are unable to assume it pursuant to §365, supra.

9. Upon information and belief, debtor has continued to operate and is at present operating and utilizing the above-mentioned vehicle, consequently causing depreciation in its value and, therefore, jeopardizing Popular Auto's interest over such property.

**WHEREFORE**, POPULAR AUTO very respectfully requests from this Honorable Court to enter an Order deeming rejected the above-mentioned lease agreement and an order addressed to debtor to deliver to lessor the vehicle described under averment number three of this motion and grant any such other remedy it may deem just and proper.

> WITHIN FOURTEEN (14) DAYS AFTER SERVICE AS EVIDENCE BY THE CERTIFICATION, AND AN ADDITIONAL THREE (3) DAYS PURSUANT TO FED. R. BANK. P. 9006(f) IF YOU WERE SERVED BY MAIL, ANY PARTY AGAINST WHOM THIS PAPER HAS BEEN SERVED, OR ANY OTHER PARTY TO THE ACTION WHO OBJECTS TO THE RELIEF SOUGHT HEREIN, SHALL SERVE AND FILE AN OBJECTION OR OTHER APPROPRIATE RESPONSE TO THIS PAPER WITH THE CLERK'S OFFICE OF THE U.S. BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO. IF NO OBJECTION OR OTHER RESPONSE IS FILED WITHIN THE TIME ALLOWED HEREIN, THE PAPER WILL BE DEEMED UNOPPOSED AND MAY BE GRANTED UNLESS: (i) THE REQUESTED RELIEF IF FORBIDDEN BY LAW; (ii) THE REQUESTED RELIEF IS AGAINST PUBLIC POLICY; OR (iii) IN THE OPINION OF THE COURT, THE INTEREST OF JUSTICE REQUIRES OTHERWISE.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that this document has been electronically filed today and will be electronically notified using the CM/ECF System to **Attorney for debtor**, JUAN O. CALDERON LITHGOW, Esq., and **Chapter 13 Trustee**, JOSE R. CARRION MORALES, Esq.

**RESPECTFULLY SUBMITTED**.

*Objection to the Proposed Chapter 13 Plan*
Case No. 13-05014 (MCF)
Page No. 4

In San Juan, Puerto Rico, this 29TH day of July, 2013.

                               s// VERONICA DURAN-CASTILLO

                               VERONICA DURAN CASTILLO, ESQ.
                               USDC-PR 224413
                               Attorney for Popular Auto
                               Consumer Bankruptcy Division
                               PO Box 362708
                               San Juan, PR 00936-2708
                               Tel: (787) 753-7849
                               Fax: (787) 751-7827

*Objection to the Proposed Chapter 13 Plan*
Case No. 13-05014 (MCF)
Page No. 4